IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DESIRE VALVERDE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-89-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed April 25, 2019 by petitioner DESIRE VALVERDE. [ECF 2]. For the reasons set forth below, petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

On January 11, 2017, petitioner was charged in a four-count Second Superseding Indictment with the felony offenses of (1) conspiracy to commit credit union robbery in violation of 18 U.S.C. § 371; (2) credit union robbery on May 25, 2016 in violation of 18 U.S.C. § 2113(a); (3) credit union robbery on September 23, 2016 in violation of 18 U.S.C. § 2113(a); and (4) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Valverde*, 2:16-CR-62(04) [ECF 55]. On March 28, 2017, petitioner, pursuant to a plea agreement, pleaded guilty to Count Three of the Second Superseding Indictment charging petitioner with the September 23, 2016 credit union robbery offense in exchange for the Government's agreement to dismiss the remaining counts at the time of sentencing. [ECF 97, 120].

As Count 4 alleging using and carrying a firearm during and in relation to a crime of violence was to be dismissed at sentencing, the Presentence Investigation Report (PSR) prepared in this case did not contain any reference or discussion regarding the "crime of violence" terminology used to commit a crime under section 924(c)(1)(A)(ii). At the sentencing hearing held July 11, 2017, the Government dismissed all remaining counts, including the using and carrying a firearm during and in relation to a crime of violence count. The United States District Judge sentenced petitioner to a term of 97 months and, on July 13, 2017, entered Judgment accordingly. Petitioner did not appeal her conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

On April 16, 2019, petitioner purportedly placed the instant motion to vacate in the prison mailing system, such motion being received and filed of record on April 25, 2019.

II.
PETITIONER'S ALLEGATION/ REQUEST FOR RELIEF

By her motion, petitioner appears to argue her conviction of, and 97-month sentence for, the offense of credit union robbery is unconstitutional in light of the United States Supreme Court ruling in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and the Fifth Circuit Court of Appeals' ruling in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 139 S.Ct. 782 (2019) cases decided after petitioner's sentencing, and requests her sentence be reduced.

III.
APPLICABILITY OF *DIMAYA* and *DAVIS*

In *Dimaya*, the Supreme Court held the "residual clause" definition of the term "crime of violence" found in 18 U.S.C. § 16(b) is unconstitutionally vague. In *Davis*, the Fifth Circuit held the "residual clause" definition of the term "crime of violence" found in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

Here, although petitioner was initially charged with one count of using, carrying and brandishing a firearm during and in relation to a crime of violence under section 924, such count was

dismissed. Neither petitioner's conviction of, nor her sentence for, the offense of credit union robbery invoked the definition of "crime of violence" set forth in 18 U.S.C. § 16(b) or 18 U.S.C. § 924(c)(3(B). In fact, petitioner was not convicted of, or sentenced for, an offense in relation to any "crime of violence." Petitioner's reliance on *Dimaya* and *Davis* in arguing her conviction and/or sentence is unconstitutional is misplaced. The holdings in *Dimaya* and *Davis* are not applicable to petitioner's case and do not provide her relief.[1]

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF 2] filed by petitioner DESIRE VALVERDE, be DENIED.

---

[1] Even if petitioner had been convicted of the count alleging using or carrying a firearm in relation to a crime of violence under 924(c)(1)(A)(ii), her claim would be without merit. The Fifth Circuit has held 18 U.S.C. § 2113(a) satisfies an identical elements clause contained in the Sentencing Guidelines. *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017). Therefore, armed credit union robbery constitutes a crime of violence under the elements clause of section 924(c)(3)(A) for the same reasons. *United States v. Cheers*, No. 17-60668, 2019 WL 237020 (5th Cir. Jan. 16, 2019); *Brown v. United States*, 2019 WL 919209 (W.D.Tex. Feb. 25, 2019).

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 23, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).